**Miguel Martin Ahumada AGUILERA; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–75662.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.[*]

Filed July 30, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Angela N. McGill, Law Office of Angela N. McGill, Long Beach, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Manuel Palau, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Miguel Martin Ahumada Aguilera, Carolina Garcia Navarro, Lorena Elizabeth Ahumada Garcia, and Martin Ahumada Garcia, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's discretionary determination that petitioners failed to establish exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

■ We agree with the BIA that petitioners' due process contention is unavailing because they failed to demonstrate how a full transcript may have affected the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

outcome of the proceedings. *See Colmenar*, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge).

We do not consider the new evidence attached to petitioners' opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition for review only on the administrative record on which the order of removal is based").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.